[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14083

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 27, 2007**
**THOMAS K. KAHN**
**CLERK**

D. C. Docket No. 04-00151 CV-2-WCO

KEVIN DALE, individually and as the next friend
and natural parent and natural guardian of M.D.,
a minor child, ABBY DALE, individually and as
the next friend and natural parent and natural guardian
of M.D., a minor, BRYAN CARLYLE, individually
and as the next friend and natural parent and natural
guardian of A.C., a minor, LISA J. CARLYLE,
individually and as the next friend and natural parent
and natural guardian of A.C., a minor,

Plaintiffs-Appellees,

versus

STEPHENS COUNTY, GEORGIA SCHOOL DISTRICT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 27, 2007)**

Before BLACK, and PRYOR, Circuit Judges, and LIMBAUGH,[*] District Judge.

PER CURIAM:

Kevin and Abby Dale and Bryan and Lisa Carlyle (Plaintiffs), individually and on behalf of their minor daughters, sued Stephens County School District, the former employer of a teacher accused of molesting their children, on various claims. Stephens County School District appeals the district court's denial of its motion for summary judgment on the only remaining claim against it, the allegations of constitutional violations under 42 U.S.C § 1983.

We review the district court's denial of summary judgment *de novo*, applying the same legal standard as the district court. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). A district court should grant a motion for summary judgment if, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law. *Id.*

In 2003, plaintiffs accused Joey Wilson of molesting their daughters while he was their teacher in a White County school. Wilson had worked for defendant Stephens County School District for several years before teaching in White

---

[*] Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri, sitting by designation.

County School District. It is undisputed that Wilson was employed by White County School District, not Stephens County School District, when the alleged conduct occurred.

Local governing bodies are subject to suit under § 1983 for monetary, declaratory, or injunctive relief when "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035-36 (1978). However, "local governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control." *Turquitt v. Jefferson County*, 137 F.3d 1285, 1292 (11th Cir. 1989) (en banc); *see also DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 197, 109 S. Ct. 998, 1004 (1989); *Shrum v. Kluck*, 249 F.3d 773, 780-81 (8th Cir. 2001); *Doe v. Wright*, 82 F.3d 265, 268-69 (8th Cir. 1996).

We conclude Stephens County School District is not liable under § 1983 for the acts of a former employee whom it no longer had any authority to control. Therefore, we reverse the denial of Stephens County School District's motion for summary judgment and remand to the district court for entry of judgment for Stephens County School District.

**REVERSED and REMANDED.**